\Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 CR 9 | **DATE** | July 29, 2009 |
| **CASE TITLE** | United States v. Resnick | | |

**DOCKET ENTRY TEXT**

This matter is before the court on the motion of Dominic Poeta ("Poeta") to quash service of the citation to discover assets as well as the government's oral motion for a rule to show cause as to why Poeta should not be held in contempt for failure to respond to the citation. For the reasons set forth below Poeta's motion [172] to quash is granted and the government's motion for Poeta to be held in contempt is denied.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

This matter began as a criminal proceeding against Adam Resnick ("Resnick") and two other defendants. Resnick pled guilty to wire fraud in connection with illegal gambling and was sentenced to 42 months imprisonment on January 16, 2007. (05 C R 9-1, Dkt. #79.) Additionally, this court ordered restitution in the amount of $10,457,825.00 (by way of an amended judgment pursuant to 18 U.S.C. § 3664 on February 1, 2007). (05 CR 9-1, Dkt. #81.) In an attempt to satisfy this criminal restitution judgment against Resnick, the government initiated supplementary proceedings against Poeta, Resnick's alleged "bookie," in March 2007. On August 23, 2007, Poeta presented himself to the government for questioning and asserted his Fifth Amendment right against self-incrimination. On September 24, 2008, after numerous proceedings with respect to the citation against Poeta, this court entered judgment against Poeta in the amount of $848,197.163.

Prior to the culmination of the citation proceedings against Poeta, the government initiated citation proceedings against Oddsmaker Ltd. ("Oddsmaker") and Hans Walter Trotter ("Trotter"). The government served Poeta as their alleged agent. Poeta now moves to quash that citation on the basis of improper service pursuant to Federal Rule of Civil Procedure 4. Poeta claims that the government has failed to demonstrate that Poeta is authorized to accept service on behalf of either Oddsmaker or Trotter according to the provisions of Rule 4.

A citation to discover assets is similar to a summons because it commences the supplementary proceeding in the same manner that service of a summons commences an ordinary civil action and the citation, like a summons, directs the party served to appear before the court. *Textile Banking Co. v. Rentschler*, 657 F.2d 844 (7th Cir. 1981). Rule 4 of the Federal Rules of Civil Procedure sets forth the ways in which service may be accomplished. Pursuant to Rule 4(e), in order for service upon Poeta to be proper as to Trotter, Poeta would have to reside with Trotter or be Trotter's "agent authorized by appointment or by law to received service of process." FED. R. CIV. P. 4(e). If Trotter is a foreign national then service would be proper if it complied with Rule 4(f), which is more complex. Pursuant to Rule 4(h), in order for service

**STATEMENT**

upon Poeta to be proper as to Oddsmaker, Poeta would have to be "an officer, a managing or general agent, or any other agent authorized by appointment of law to receive service of process." FED. R. CIV. P. 4(h).

Here, the government argues that there were several references to Poeta's offshore affiliate during the court proceedings regarding Poeta's citation and that several references were made to this offshore affiliate being named something similar to "Oddsmaker Ltd.," such as "Odds Escrow." Additionally, in a hearing held before this court on January 5, 2009, the government called Resnick to testify to the fact that, during a period of a few months in early 2002 when his bets became too large for Poeta to handle, Poeta would refer those bets to an offshore entity and would serve as the middleman with respect to those bets, often telling Resnick what his limits were, how much he was ahead or behind at any given point, and giving him a phone number to contact to place his bets. Resnick also testified that on almost all occasions when he owed money to the offshore entity, he paid Poeta and assumed that Poeta paid the entity and possibly kept a portion for himself. (*See generally* Tr. Jan. 5, 2009.)

However, while the testimony and the government's allegations and evidence all demonstrate that Poeta had a reasonably close relationship with the offshore entity that we are calling Oddsmaker, the government presented no evidence that Poeta was actually an agent of either Oddsmaker or Trotter for purposes of Rule 4. For example, with respect to Oddsmaker, although Resnick testified that Poeta communicated certain information to Resnick regarding his betting limits with the offshore entity, there is no evidence that Poeta had discretion to set those limits or that he was doing anything more than simply serving as a middleman and conveying information received from the offshore entity. *See, e.g. Brideport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004)(holding that the entity was not shown to be managing agent because there was no evidence that it was authorized to exercise discretion in transacting business of principal). Additionally, there is no evidence that it would be "fair, reasonable and just" to determine that Poeta has the authority to accept service for an offshore entity for which the only evidence is that he had a reasonably close relationship over the course of several months seven years ago. *See Montclair Elec., Inc. v. Electra/Midland Corp.*, 326 F. Supp. 839, 842 (S.D.N.Y. 1971)(citation omitted); *see also Am. Inst. of Certified Pub. Accountants v. Affinity Card*, 8 F.Supp.2d 372, 376 (S.D.N.Y. 1998)("[t]he burden is on the plaintiff to show a basis for an inference that the defendant has authorized a particular person to accept service of process on its behalf."). Finally, with respect to Trotter, the government has failed to present any evidence as to why service upon Poeta on behalf of Trotter is appropriate.

Because we find that service of the citation to discover assets against Oddsmaker and Trotter is improper as to Poeta, we grant Poeta's motion to quash. Accordingly, based on this order, there is currently no pending citation to which Poeta has failed to respond and, therefore, nothing for which Poeta should be held in contempt. Therefore, we need not address the various arguments raised by both sides as to the contempt issue and we deny the government's oral motion for a rule to show cause as to why Poeta should not be held in contempt.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: July 29, 2009

Page 2 of 2